Peck, J.
delivered the opinion of the court.
The bill of exceptions shows, that Pinkston had been convicted of a felony, had been, by the judgment of the court, ordered into close confinement, and had made his escape. The jailor made application to the circuit court, to have his bill allowed for the time he had kept the-prisoner; “but it was considered by the court, that as said jailor had suffered said Pinkston to escape from prison, before the term of his imprisonment had expired, that the .account'be not fallowed.”
The strictness required by our several acts of assembly, in allowing orders upon the public treasury for costs, requires at the hands of the courts peculiar vigilance; for, as the repetition of legislation had grown out of abuses practiced by officers applying for allowances, the courts should ¡.not be inclined to relax, while admonished of the existing evil, by the very law which gives the authority.
Without talcing notice of the several statutes which have a bearing upon the subject of allowing costs, it is deemed sufficient to notice the act of 1827, ch. 48, which makes the power discretionary with the court in allowing costs; and provides, that they shall not be paid unless allowed by the court, and the order of allowance put of record.
The act of 1823, ch. 51, relating to jailors, is in accordance with that of 1827. The account must be sworn to, and allowed; and when so allowed, is payable.
Our policy and laws are predicated upon the principle, that performance of duty and good faith, on the part of officers, entitle them to the compensation the law has established; but the law affords no protection to him who has acted in bad faith. In the case before jus, the record shows the reason why the allowance was denied the jailor; he having suffered the escape of. the prisoner. This, on the part of the officer, was a criminal offence. Without stopping to inquire, whether there arises any presumption, *173 ihat before he turned loose his prisoner he had secured himself, it is sufficient to say, that having failed wholly in the main duty, .where the state felt the deepest interest, he must excuse the court for determining that he must also fail where he is interested.
It is very questionable whether the case presented by the record is the subject of appeal. At present, we waive the question.
Judgment affirmed.